**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

UNITED STATES OF AMERICA,                          Criminal No. 07-93  PAM/AJB

                Plaintiff,

v.                                    **REPORT AND RECOMMENDATION**

RICHARD ALLEN LANGE,

                Defendant.

      Robert M. Lewis, Esq., and James Alexander, Esq., Assistant United States Attorneys, for the plaintiff, United States of America;

      Paul C. Engh, Esq., for defendant, Richard Allen Lange.

      This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on June 4, 2007,[1] at the U.S. Courthouse, 180 East Fifth Street, St. Paul, MN 55101. The court issued an Order on Motions dated July 11, 2007, reserving defendant Richard Allen Lange's Motion to Suppress Search and Seizure and Return of TCF Accounts [Docket No. 28] for submission to the district court on report and recommendation.

      Based upon the file and documents contained therein, along with exhibits submitted for review, the magistrate judge makes the following:

**Findings**

---

[1] A second hearing on pretrial motions was held on July 11, 2007, following return of a superseding indictment. Although the court's Order on Motions dated July 11, 2007, addressed motions presented at both the June 4, 2007, and July 11, 2007, hearings, the present motion to suppress was not a subject of the latter hearing.

On March 23, 2007, United States Magistrate Judge Franklin Noel issued a warrant authorizing the seizure of funds held in a particular numbered account at TCF National Bank in Minneapolis, Minnesota. [Docket No. 9].  The account was described in the supporting affidavit as an account in the names of Richard A. Lange and Janet L. Lange, the defendant's wife.  The search warrant expressly authorized the seizure of all funds held in the specified account.  The warrant was issued on the basis of probable cause contained in the Affidavit of FBI Special Agent Jennifer L. Khan, including the fact of the indictment itself in this case, along with reviews of property records and checks and records relating to the sale of property.   The warrant was requested in connection with administrative forfeiture proceedings.

Later in the day on March 23, 2007, United States Magistrate Judge Franklin Noel issued a warrant authorizing the seizure of funds held in a second but different particular numbered account at TCF National Bank in Minneapolis, Minnesota. [Docket No. 11].  The search warrant expressly authorized the seizure of all funds held in the specified account.  Again, the warrant was issued on the basis of probable cause contained in the Affidavit of FBI Special Agent Jennifer L. Khan, including the fact of the indictment itself in this case, along with reviews of property records and checks and records relating to the sale of property.  In addition, the affidavit acknowledged the previously issued warrant and stated that the lion's share of the funds that were the ultimate object of the seizure had been transferred to another TCF account on October 27, 2005, and were then transferred to yet another account, the one subject to the second warrant, on November 2, 2005.  The second warrant application also asserted that the funds were subject to forfeiture under federal law.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

Bank account funds seized pursuant to separate warrants [Docket No. 9 and No. 11] to seize all funds in two particularly identified bank accounts at TCF National Bank in Minneapolis, Minnesota, were not unlawfully obtained in violation of the constitutional rights of defendant Richard Allen Lange.  The seizure warrants were issued at separate times on March 23, 2007, and both were based upon sufficient probable cause as stated in the separate Affidavits of FBI Special Agent Jennifer L. Khan and as determined in each instance by United States Magistrate Judge Franklin Noel.  The warrants properly and sufficiently identified the location of the funds to be seized.  The seizure warrants in this matter were lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrants.

The government argues that the warrants that are subject to this motion were issued in the context of administrative forfeiture proceedings, and that the court lacks jurisdiction to provide the requested relief in this proceeding.  However, defendant's motion seeks both suppression of evidence and return of account funds.  To the extent that defendant may be seeking suppression as an evidentiary matter in criminal proceedings the court concludes that the warrants were properly issued based upon the above-stated conclusions, including the determination that probable cause consisting of the indictment itself, as well as the tracing of funds through examination of property records, checks, and property sales documents, existed.

With respect to return of seized account funds it is the court's determination that the

motion is appropriately addressed in pending civil forfeiture proceedings[2] and the claim may not be considered in the context of this criminal action.  A motion for return of property under Fed. R. Crim. P. 41 may not be used to attack an antecedent civil forfeiture.  See  Muhammed v. Drug Enforcement Administration, 92 F.3d 648, 652 (8th Cir. 1996).

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that defendant Richard Allen Lange's Motion to Suppress Search and Seizure and Return of TCF Accounts be **denied** [Docket No. 28].

Dated:      July 18, 2007

　　　　　　　　　　　　　　　　　　　　　　　　s/ Arthur J. Boylan
　　　　　　　　　　　　　　　　　　　　　　　　Arthur J. Boylan
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before August 2, 2007.

---

[2] Affidavit of Angie Schreyer, ¶¶ 4 and 5 [Docket No. 43].  The affidavit states that funds in the total amount of $109.009.92 were seized from the accounts; interested parties, including defendant Richard Lange and his wife Janet Lange, were provided notice of the administrative forfeiture proceeding; and defendant Lange has filed a claim contesting the forfeiture and the claim remains pending.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.