UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-93 (PAM/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Richard Allen Lange, | |
| Defendant. | |

_____

This matter is before the Court on Defendant Richard Allen Lange's Objections to the Report and Recommendation ("R&R") that United States Magistrate Judge Arthur J. Boylan filed on July 19, 2007. The R&R recommended that the Court deny Defendant's Motion to Suppress Search and Seizure of two bank accounts. The Court has conducted a de novo review of the Objections and record. See 28 U.S.C. §636(b)(1); D. Minn. LR 72.2(b). For the reasons that follow, the Court overrules the Objections and adopts the R&R.

**BACKGROUND**

An Indictment filed March 20, 2007 charged Defendant, the former president of First Community Credit Union (FCCU), with embezzlement and money laundering for allegedly diverting FCCU funds and property to himself and others.[1] The Indictment further included forfeiture allegations regarding property traceable to the funds.

On March 23, 2007, United States Magistrate Judge Franklin Noel issued a

---

[1] On June 12, 2007, the Government filed a fifty-five count Superseding Indictment.

1

warrant authorizing all funds in a TCF National Bank account to be seized. (Docket No. 10.) Later that day, Judge Noel issued a warrant authorizing all funds in another TCF National Bank account to be seized. (Docket No. 12.) Both warrants were issued on the basis of probable cause in affidavits from Federal Bureau of Investigation (FBI) Special Agent Jennifer L. Khan. Agent Khan attested that information in the affidavits was based on the Indictment as well as on interviews with FCCU personnel, documents including real property records, and information obtained by her or other FBI or Internal Revenue Service agents. Attached to the warrant applications were documents including bank statements indicating that the bulk of funds subject to seizure had been transferred from the account identified in the first warrant to the account identified in the second warrant.

Defendant filed a Motion to Suppress Search and Seizure and for Return of TCF Accounts. Defendant argued that the warrants were improperly issued because Khan's sworn statement was based on allegations in the Indictment. Defendant further asserted that the funds must be returned to him. Defendant also filed separate motions for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), and for release of lis pendens notices filed against his property. (Docket Nos. 32, 34.)

The Government responded that the Court lacked jurisdiction to order TCF account funds to be returned because the FBI had commenced administrative forfeiture proceedings regarding funds in certain FCCU accounts, which were identified in the Indictment's forfeiture allegations. The Government further argued that Khan's affidavits provided sufficient probable cause for the seizure warrants, and that Defendant's Motion for a Franks Hearing should be denied because the affidavits were not inaccurate or

misleading. Regarding the lis pendens notices, the Government stated that the notices were proper because the real property at issue was subject to forfeiture.

By Order filed July 11, 2007, Magistrate Judge Boylan denied Defendant's Motions for a <u>Franks</u> Hearing and for Release of Lis Pendens Notices. By R&R filed July 19, 2007, Judge Boylan recommended that Defendant's seizure motion be denied. Defendant contends that the warrants were improper because they were predicated on Indictment allegations, and that the Motions for a <u>Franks</u> Hearing and for Release of Lis Pendens were improperly denied.

**DISCUSSION**

**A.   Sufficiency of Warrants**

Probable cause to support a warrant may be based on an affiant's personal observations, reliable informants, or other sources independently corroborated. <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983); <u>Draper v. United States</u>, 358 U.S. 307, 313 (1959). There is probable cause when the totality of the circumstances demonstrates that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." <u>Gates</u>, 462 U.S. at 238.

Defendant contends that the warrants were "predicated upon the grand jury indictment rather [than] any ... recitation, as is required, of facts pointing to probable cause." (Def.'s Objections to R&R at 1.) However, Kahn also stated that her affidavit testimony was based on interviews with FCCU personnel, documents including real property records, and information obtained by her and/or other agents. The attached bank statements indicating that funds were transferred between TCF accounts further

3

corroborated Kahn's affidavit testimony. These submissions provided sufficient probable cause for the seizure warrants to be issued. Accordingly, the Court overrules Defendant's objections on this point.

**B.   Franks Hearing and Lis Pendens Requests**

In his July 26, 2007 Objection to the R&R, Defendant further objects to the July 11, 2007 Orders that denied his Motions for a Franks Hearing and for Release of Lis Pendens on his real property. The objections are untimely because they were not served and filed within ten days of the July 11, 2007 Order. D.Minn. LR 72.2(a). "[A] party may not thereafter assign as error a defect in the Magistrate Judge's order to which objection was not timely made." Id.

To the extent that these objections are intertwined with the seizure motion, Defendant's request for relief is denied. A defendant seeking a Franks hearing must make a "substantial preliminary showing that a false statement was knowingly and intentionally, or with reckless disregard for the truth, included by the affiant in the warrant affidavit" and that "the allegedly false statement is necessary to the finding of probable cause." United States v. Timley, 443 F.3d 615, 623 (8th Cir. 2006) (quoting Franks, 438 U.S. at 155-56). Defendant's general suggestion that the affidavits were imprecise as to who owned real property at issue does not meet this standard.

Notices of lis pendens are filed with county recorders to give notice of litigation relating to real estate. Minn. Stat. § 557.02. Authority to cancel a notice of lis pendens might arise if a "complaint does not set forth a claim" related to the real property. Grace Dev. Co. v. Houston, 237 N.W.2d 73, 75 (Minn. 1975). Such a circumstance is not

present here because the Indictment contains forfeiture allegations regarding the subject real property.

**CONCLUSION**

The warrants authorizing seizure of the TCF National Bank accounts were based on sufficient probable cause.  Defendant's requests for relief from the Magistrate Judge's orders denying a <u>Franks</u> hearing and release of a lis pendens were untimely and unsupported.  Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 63);

2. Defendant's Motion to Suppress Search and Seizure of TCF Accounts (Docket No. 28) is **DENIED**;

3. Defendant's Motion for Hearing Pursuant to <u>Franks v. Delaware</u> Concerning the TCF Searches (Docket No. 30) is **DENIED**; and

4. Defendant's Motion for Release of Funds in the form of Release of Lis Pendens (Docket No. 34) is **DENIED**.

Dated:  August 14, 2007

    s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge